E. E. CHILDS COMPANY, INC., Plaintiff, *v.* P. REARDON, INC., Defendant.

(Supreme Court, New York Special Term, January, 1921.)

Contracts — what constitutes — warehousemen — receipts — negotiable instruments — pleading — General Business Law, § 91.

A provision in a warehouse receipt that the goods were to be stored in a particular warehouse constitutes a contract that they shall remain there and no change can be made except by consent of the holder of the receipt.

After a negotiable warehouse receipt, conforming to section 91 of the General Business Law, had been given by defendant for goods stored in one of its warehouses, it was indorsed and delivered to one to whom the goods were sold, and the buyer, upon the sale of the same to plaintiff, indorsed and delivered

to the purchaser the warehouse receipt. Without the consent of plaintiff or any of the holders of the warehouse receipt the goods were removed to another warehouse and there destroyed by fire. In an action to recover on the warehouse receipt defendant by its answer admitted its receipt of the goods and the issuance of the warehouse receipt. *Held,* that a separate defense that defendant notified the one who stored the goods that it desired to remove them from the place described in the receipt, and that if defendant did not receive any word of objection to such course, the transfer would be made, was subject to a demurrer.

DEMURRER to defense.

Hoadly, Lauterbach & Johnson (Henry Siegrist, of counsel), for plaintiff.

Max Sheinart, for defendant.

NEWBURGER, J. The complaint alleges that the defendant, a domestic corporation, operating a warehouse, received from one Chemical Importing and Manufacturing Company sixty cases of chocolate for storage in its warehouse at Nos. 298–301 South street, and delivered to said chemical company a negotiable warehouse receipt. That thereafter said chemical company sold the said merchandise in storage to one McGoldrick and indorsed and delivered to him the said warehouse receipt. That thereafter McGoldrick sold the same merchandise to plaintiff and indorsed and delivered the said warehouse receipt to it. That thereafter the defendant notified plaintiff that the said cases of chocolate had been removed to another warehouse at No. 237 South street and there destroyed by fire. That neither the plaintiff nor any of the holders of said warehouse receipt had consented to the removal of the goods. That plaintiff presented said warehouse receipt to the defendant and demanded delivery of said merchandise and offering to pay to

the defendant all its charges and expenses. The answer admits the receipt of the goods, the issuance of the warehouse receipt, and sets up as a separate and distinct defense that the defendant notified the chemical company that it desired to remove the merchandise from the warehouse Nos. 298–301 South street, the place described in the receipt, and that if it did not receive any word from the chemical company objecting to the said transfer that said merchandise would be transferred. That receiving no objection, defendant made the transfer. That after the transfer the goods were destroyed by fire through no fault of the defendant. The plaintiff demurs to this defense. The receipt states that it is negotiable and can be transferred by indorsement and the goods are "in store Nos. 298–301 South street." The contract is clear. Section 91 of the General Business Law provides the form of the warehouse receipt, and among other provisions it requires a statement of "location of the warehouse where the goods are stored." Section 125 provides: "A person to whom a negotiable receipt has been duly negotiated acquires thereby: (a) Such title to the goods as the person negotiating the receipt to him had or had ability to convey to a purchaser in good faith for value, and also such title to the goods as the depositor or person to whose order the goods were to be delivered by the terms of the receipt had or had ability to convey to a purchaser in good faith for value, and (b) The direct obligation of the warehouseman to hold possession of the goods for him according to the terms of the receipt as fully as if the warehouseman had contracted directly with him." The plaintiff was therefore entitled to have the contract carried out as provided in the receipt. It is clear that the provision in the receipt that the goods were to be stored in Nos. 298–301 South street constituted a

contract that the goods were to remain there and no change could be made except by consent of the holder of the receipt. The answer fails to show any notice to or consent by the plaintiff to the transfer of the property to another warehouse. The demurrer to the separate defense must be sustained, with costs.

Demurrer sustained, with costs.